“The Court
is also of opinion, that as it has not appeared that any of the jury ever saw the before-mentioned newspaper publication, the author of which was never known until since the last trial of this Case, when a disclosure was obtained by evidence on the part of the prisoner, it could have produced no influence on the verdict. The jurors too, were sworn and examined for the purpose of ascertaining whether they were liable to be challenged for cause, or not, and all of them, except such as the prisoner elected without requiring them to be sworn, appeared not to have formed and expressed an opinion relative to this Case. The jury then must be considered as having acted and decided impartially. It has not been shewn, or even pretended, that any of them had previously formed any opinion, or in any manner prejudged the prisoner’s Case. No proof of any thing like unfairness in the trial, has been offered, unless it may be inferred from the fact specifically noticed by the prisoner in the terms of his motion. It ought not to be forgotten, that the plea of insanity was abandoned by the prisoner’s Counsel in the defence, alt *168 hough many witnesses were examined with a view to the support of that plea. There does not seem to be any power vested in this Court, by which the venue in this Case can now be again changed, from the county to which it has been lately transferred, to any other county, either within or without the limits of the 13th Circuit. The Act of the last session of Assembly affords all the authority which the Court can legally exercise in changing the venue in a Criminal Case, and this Court has already done all in relation to that subject, which the Legislature has empowered it to do. The motion for a new trial, and for changing the venue, is therefore over-ruled.”
The prisoner then moved to arrest the judgment, for the following causes:
1. Because the Indictment does not conclude against the Act of Assembly in that case made and provided.
2. Because the prisoner was not arraigned in this Court.
3. Because the prisoner was not put to plead in this Court, but was tried on a plea not filed, but entered ore tenus, in the Superior Court of the county of Russell.
4. Because this Court cannot give judgment for an offence committed and laid in the county of Russell.
The said errors in arrest of judgment, were over-ruled by the Court, and sentence of death was thereupon passed on him.
And now he applied to this Court for a Writ of Error, assigning as causes for reversing the judgment, all of the points which are made in the record, and which were decided against him. The application was rejected by the unanimous opinion of the Judges present, and the Writ of Error refused.